## EDWARD H. SNOW *vs.* CUTTS NYE.

**A.** sold stock whic  he owned and lent B. the proceeds, upon B.'s agreement to repay the sum lent, with interest, and with any advance in the market value of the stock during the time of the loan. The stock advanced in market value, and at the end of the time the parties came to a settlement, and A. took B.'s promissory note for the amount due under the agreement. *Held,* in an action on the note, that the consideration of it was not usurious, if the original transaction was in good faith.

CONTRACT on a promissory note dated February 16, 1867, and payable on demand. At the trial in the superior court, before *Lord*, J., the evidence showed that the defendant applied to the plaintiff for a loan of money, and the plaintiff replied that he had no money, but had some shares in the stock of a corporation which was rising in the market, and would sell these shares and lend the proceeds to the defendant, if the defendant would pay him not only interest on the money loan, but also the amount of any advance in the market value of the shares during the period of the loan; that the plaintiff agreed to this proposition, and the agreement was reduced to writing; that the plaintiff sold his shares and lent the proceeds to the defendant; that the stock did rise in the market during the period of the loan; and that the note in suit, which was given by the defendant to the plaintiff in settlement of the transaction, was for the amount of the money lent, and interest, and an additional sum, equal to said rise in market value, less a part thereof remitted by the plaintiff.

Upon these facts the defendant requested the judge to rule that the original contract was usurious and illegal, and so the plaintiff could not recover for that portion of the note which was made up of the rise in the stock; but the judge declined so to rule, and instructed the jury " that if they believed that the contract was entered into by the parties in good faith, and for an honest purpose, and merely that the plaintiff might have the benefit of any rise in the stock, if such rise should actually occur, and not as a cover for usury, then they should return a verdict for the full amount of the note and interest; but if they believed that the original contract in reference to the stock was not entered into in good faith, but used as a cover for usury, then they were to de-

duct from the amount of the note three times the amount of usurious interest taken." The jury returned a verdict for the full amount of the note and interest, and the defendant alleged exceptions.

*A. Cottrell*, for the defendant.

*S. Albee*, for the plaintiff.

CHAPMAN, C. J. The jury have found that the original contract in reference to the stock was entered into in good faith, and was not used as a cover for usury. It was not, then, a mere contract for the loan of money; but, as the plaintiff had no money to lend when the application for the loan was made, he agreed to do a preliminary act, which consisted of the sale of valuable property, the value of which might rise in the market. By selling it, he sacrificed the chance of gaining any advantage from this rise. This was a good consideration for the defendant's promise to indemnify him against loss; and we cannot say that it was unconscionable to require such indemnity. If the stock should not rise, he would get nothing; if it should rise, his loss of profits would be equal to the sum he was to receive on account of it.

*Exceptions overruled.*